IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRANDA ARISON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY, PENNSYLVANIA,<br><br>Defendant. | Civil Action No. 2:18-cv-00845-MPK<br><br>MAGISTRATE JUDGE MAUREEN P. KELLY |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

Consistent with the terms of the settlement agreement entered into by Plaintiff[1] and Defendant Fayette County ("Parties"), the Parties stipulate and agree, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismissal of their her against Fayette County without prejudice, on the condition that the Court retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994). The terms of the Settlement Agreement, which is provided to the Court as Exhibit 1, are incorporated by reference. Based upon the entire record, the parties stipulate, and jointly request that the Court find, that this Agreement satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct a violation of the Federal right, and is the least intrusive means necessary to correct a violation of the Federal right of the Plaintiffs.

Accordingly, IT IS HEREBY ORDERED:

---

[1] This Court granted Plaintiffs' motion to voluntarily withdraw Plaintiffs Malcolm Dyer, Dante Ripley, and Charles Smith Jr. as class representatives on June 7, 2022. ECF No. 83. Accordingly, Miranda Arison is the only remaining plaintiff.

1. The Settlement Agreement satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right of the Plaintiff.

2. This Order shall not be construed as a finding of the existence of a constitutional violation in this or any other litigation.

3. The Court expressly retains jurisdiction of the Settlement Agreement, as set forth in the Settlement Agreement, in order to enter any further orders that may be necessary or appropriate in administering or implementing the terms and provisions of the Settlement Agreement until such time that the Fayette County Prison, located at 12 Court Street, Uniontown, Pennsylvania, is no longer used to house individuals overnight.

4. Except as provided for in paragraph 3 above, the claims against Fayette County are DISMISSED without prejudice and without costs.

Maureen P. Kelly
United States Magistrate Judge

Dated: _____

Stipulated and agreed to by:

| For the Plaintiff: | For Defendant Fayette County: |
|---|---|
| */s/ Sara J. Rose* | */s/ Marie Milie Jones* |
| Sara J. Rose | Marie Milie Jones |
| Dated: September 8, 2022 | Dated: September 8, 2022 |