# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRANDA ARISON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY, PENNSYLVANIA,<br><br>Defendant. | Civil Action No. 2:18-cv-00845-MPK<br><br>MAGISTRATE JUDGE MAUREEN P. KELLY<br><br>*Re: ECF No. 84* |

## *ORDER APPROVING* STIPULATION OF DISMISSAL WITHOUT PREJUDICE

Consistent with the terms of the settlement agreement entered into by Plaintiff[1] and Defendant Fayette County ("Parties"), the Parties stipulate and agree, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismissal of their her against Fayette County without prejudice, on the condition that the Court retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994). The terms of the Settlement Agreement, which is provided to the Court as Exhibit 1, are incorporated by reference. Based upon the entire record, the parties stipulate, and jointly request that the Court find, that this Agreement satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct a violation of the Federal right, and is the least intrusive means necessary to correct a violation of the Federal right of the Plaintiffs.

Accordingly, IT IS HEREBY ORDERED:

---

[1] This Court granted Plaintiffs' motion to voluntarily withdraw Plaintiffs Malcolm Dyer, Dante Ripley, and Charles Smith Jr. as class representatives on June 7, 2022. ECF No. 83. Accordingly, Miranda Arison is the only remaining plaintiff.

1. The Settlement Agreement satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right of the Plaintiff.

2. This Order shall not be construed as a finding of the existence of a constitutional violation in this or any other litigation.

3. The Court expressly retains jurisdiction of the Settlement Agreement, as set forth in the Settlement Agreement, in order to enter any further orders that may be necessary or appropriate in administering or implementing the terms and provisions of the Settlement Agreement until such time that the Fayette County Prison, located at 12 Court Street, Uniontown, Pennsylvania, is no longer used to house individuals overnight.

4. Except as provided for in paragraph 3 above, the claims against Fayette County are DISMISSED without prejudice and without costs.

_____
Maureen P. Kelly
United States Magistrate Judge

Dated: November 21, 2022

Stipulated and agreed to by:

| For the Plaintiff: | For Defendant Fayette County: |
|---|---|
| /s/ *Sara J. Rose* | /s/ *Marie Milie Jones* |
| Sara J. Rose | Marie Milie Jones |
| | |
| Dated: September 8, 2022 | Dated: September 8, 2022 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRANDA ARISON, MALCOLM DYER, DANTE RIPLEY, and CHARLES SMITH, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAYETTE COUNTY, PENNSYLVANIA,<br><br>Defendant. | Civil Action No. 2:18-cv-00845-MPK<br><br>MAGISTRATE JUDGE MAUREEN P. KELLY |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 10th day of June 2022 (the "Effective Date") by and between Plaintiffs Miranda Arison, Malcolm Dyer, Dante Ripley, and Charles Smith, Jr. (collectively, "Plaintiffs") and Defendant Fayette County, Pennsylvania ("County").

WHEREAS, on June 26, 2018, Plaintiffs filed the above-captioned lawsuit (the "Lawsuit") alleging that the County was violating their Fourteenth Amendment rights by subjecting them to unlawful conditions of confinement at the Fayette County Prison ("FCP," defined below).

WHEREAS, the County denies that it violated Plaintiffs' Fourteenth Amendment rights.

WHEREAS, the parties agree that the County has taken appropriate steps to correct conditions identified in Plaintiffs' complaint and will continue to monitor and remedy conditions at FCP until such time as FCP is no longer used to house individuals overnight.

{W0255260.1}    1

WHEREAS, in order to avoid the costs and uncertainty of further litigation, the Parties desire and mutually agree to compromise and settle on an individual basis all individual claims that were asserted or could have been asserted by Plaintiffs against the County in the Lawsuit as set forth in this Agreement.

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties as follows:

## DEFINITIONS

1. As used in this Agreement, the following terms have the following meanings:

   a. **"FCP"** means the Fayette County Prison located at 12 Court Street in Uniontown, Pennsylvania, including the main prison building and the annex building. It is not intended to include the county jail currently under construction at 245 McClellenandtown Road in Uniontown, even if that facility will be referred to as the "Fayette County Prison" now or in the future

   b. **"Housed"** refers to the detention of an inmate in the FCP for a period of time equal to or exceeding 24 hours.

   c. **"Housing Unit"** refers to the specific areas in which individuals are housed at the FCP, including Ranges A, B, C, D, E, and F, Inmate Workers' Unit ("IWU"), Intake, Special Housing Unit ("SHU"), and Annex.

   d. **"Inmate"** refers to a person being detained in the FCP, including persons sentenced to a term of incarceration as well as pretrial detainees.

   e. **"Temporary Bed"** refers to the "moveble cots," also known as "boats," or any other temporary bedding arrangements that may not meet the requirements of 37 Pa Code. § § 95.229(1).

## AGREED-UPON MEASURES

2. The inmate population of the FCP that has been accepted by the Pennsylvania Department of Corrections is 264. Nonetheless, in the interest of resolving this dispute, the County agrees to make all reasonable efforts to limit the population of individuals housed at the FCP to 180, subject to the below conditions.

   a. If the inmate population exceeds 180 individuals for seven consecutive days, the County will provide notice to Plaintiffs' counsel (listed in paragraph 19) within 72 hours of the seventh consecutive day during which the inmate population exceeds 180. The notice must contain:
      i. the number of inmates in excess of 180 being housed at the FCP;
      ii. the number of temporary beds, if any, that are being utilized to house any inmates at that time;
      iii. the reason(s) for exceeding the 180-inmate limit; and
      iv. the County's plan to reduce its population to 180 inmates or fewer within seven days.

   b. The County may not house more than 180 inmates at the FCP for a period of 14 or more consecutive days unless it obtains an order from the Court permitting it to do so, or receives the consent of Plaintiff's counsel following the provision of the information set forth in subsection (a.) above.

3. Each month, the County will provide the following to Plaintiffs' counsel: (a) monthly housing reports showing inmate counts per housing unit; (b) inmate grievances; and (c) work orders.

4. The County will record temperature readings for each housing unit in the FCP as was agreed to prior to the execution of this agreement and will provide Plaintiffs' counsel with accurate temperature readings of those locations on a biweekly basis.

5. The County will provide suitable clean clothing to individuals at no cost in accordance with 37 Pa. Code § 95.228. Suitable clean clothing shall include an inmate uniform, adequate footwear and underwear, if needed

6. The County will allow Plaintiffs' expert, Marty Horn, to tour FCP at a mutually agreeable date and time to ensure compliance with the terms of this Agreement.

7. The County will advise counsel for Plaintiffs if the date for substantial completion of the new prison is changed from the current March 2023 anticipated date of completion.

8. The County will make the following changes to its policy governing the use of temporary bedding:

    a. add the following definition for "movable cots":

> "The term 'movable cot' as used in this policy shall have the same meaning as 'temporary bedding' as used in 37 Pa. Code § 95.229. It shall consist of an approved mattress/pillow within a plastic frame (sometimes referred to as a 'boat') or other commercially available frame designed for use as containing bedding. Movable cots shall also be provided with a sheet and blanket of the same type provided for permanent bedding in the facility."

    b. eliminate the use of movable cots for individuals identified as vulnerable and in need of protection, and instead require that those individuals be single-celled, subject to the flexibility needed to respond to the COVID pandemic (such as a need to

quarantine individuals) and to comply with obligations pursuant to the Prison Rape Elimination Act ("PREA"), if necessary;

    c. limit the use of movable cots throughout FCP to a maximum of 90 days within a 120-day period.

    d. limit the time that an individual can be housed on a movable cot to 30 days in a 60-day time period, subject to the exception in 8(e).

    e. If the County houses an individual on a movable cot for the individual's own protection or due to a compelling need to keep the individual separate from other individuals incarcerated in the FCP, or if the County otherwise exceeds the limits on the use of movable cots upon which the parties have agreed, it will notify plaintiffs' counsel in writing within 72 hours. That notice will include:

        i. the reason for the use of the movable cot;

        ii. the name(s) of the individuals housed on movable cots;

        iii. the housing unit(s) where the movable cots are located; and

        iv. the County's plan for ceasing the use of movable cots that violate the limits set forth in this agreement.

    f. The County may not exceed the limits on the use of movable cots on which the parties have agreed for more than 7 days unless it obtains a court order to do so.

    g. Individuals who are housed on movable cots will be moved into a cell as soon as a bed in a cell becomes available for use.

    h. The County will provide Plaintiffs' counsel with a certification from the FCP's health care provider if an individual is being housed on a cot for a medical reason, subject to a protective order entered into by the parties.

9. The County will track the use of temporary beds and provide monthly reports to Plaintiffs' counsel when movable cots are used. The reports shall include the dates on which the movable cots are used, the reasons for the use of each movable cot, the range where the movable cot is placed, and the length of time each individual is assigned to a movable cot. In addition, the County will provide Plaintiffs' counsel with the names of individuals who are housed on movable cots in excess of 30 days.

## OTHER PROVISIONS

10. Within thirty (30) days of the Effective Date, the County shall pay the total sum of One Hundred Forty-Five Thousand Dollars ($145,000.00) in attorneys' fees and costs to Plaintiffs' counsel (the "Settlement Sum"). Plaintiffs and Plaintiff's counsel agree to waive any other claim against the County for attorney's fees under any federal statute or any common law theory pursuant to either federal law or the law of any state, except against their respective clients, their heirs and/or assigns. Plaintiff's counsel also agrees and represents that they have no agreement with any other attorney which could result in a claim for attorney's fees by Plaintiff's counsel or any other attorney under any federal statute or any common law theory pursuant to either federal law or the law of any state.

11. The provisions set forth in paragraphs 1 through 9 above (the "Agreed-upon Measures") will remain in effect until such time as the FCP is no longer used to incarcerate people overnight (the "Enforcement Period"). After the Enforcement Period, the County may use the FCP without being subject to the Agreed-upon Measures, provided that such use is for the limited purpose of holding persons scheduled for court proceedings before the Court of Common Pleas of Fayette County, as may be ordered by a judge of that Court or other court having jurisdiction to order such proceedings.

12. The Court will retain jurisdiction to enforce this Agreement and address any violations thereof until the expiration of the Enforcement Period, as agreed to in the stipulated Order of Dismissal.

13. The parties do not anticipate a breach of this Agreement. In the event of a breach, however, the Parties agree that counsel for the non-breaching Party may take action to enforce this Settlement Agreement, subject to the procedures set forth below; and the appropriate and hereby stipulated remedy upon proof of a breach is an order of specific performance.

14. If the Plaintiffs have a reasonable basis to believe that the County is failing to comply with any material provision of this Agreement, Plaintiffs' counsel will notify the County in writing. This notice will identify, with particularity, the basis of Plaintiffs' noncompliance claim and the specific provisions of the Agreement that are implicated.

15. Within fifteen days of receipt of the notification, the County will provide a written response to the Plaintiffs' notification with a full factual explanation as to why the County believes it is complying with the Agreement, or an explanation of the County's plans to achieve full compliance with the Agreement.

16. If the Parties are unable to resolve the dispute, the Plaintiffs may seek relief from this Court by filing a motion seeking specific performance and/or other appropriate relief.

17. Neither this Agreement nor anything in this Agreement shall be deemed an admission or concession of liability or evidence respecting any liability on the part of the County.

18. The County will not retaliate against any person because that person has provided information or assistance related to the Lawsuit, this Agreement, or the enforcement of this Agreement.

19. Any notices under this Agreement will be sent by email to the following:

If to the Plaintiffs:

Sara J. Rose, Esq.
ACLU of Pennsylvania
PO Box 23058
Pittsburgh, PA 15222
srose@aclupa.org

Alexandra Morgan-Kurtz
PA Institutional Law Project
247 Fort Pitt. Blvd., 4th Fl.
Pittsburgh, PA 15222
amorgan-kurtz@pailp.org

If to Defendants:

Marie Milie Jones
Michael R. Lettrich
JonesPassodelis, PLLC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA  15219
Phone: (412) 315-7272
Fax: (412) 315-7273
mjones@jonespassodelis.com
mlettrich@jonespassodelis.com

20. This Agreement contains the entire Agreement between the Parties with respect to the matters set forth herein, and there are no written or oral understandings or agreements, directly or indirectly connected with this Agreement that are not incorporated herein.

21. This Agreement is binding upon and inures to the benefit of the successors and assigns of each of the Parties throughout the duration of the Agreement.

22. The Parties may jointly agree to a modification of this Agreement, but only in a writing signed by all Parties. This Agreement may not be modified except upon written consent of all Parties.

23. This Agreement will be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

24. Each Party has cooperated and participated in the drafting of the Agreement, and in any construction to be made of this Agreement, each Party shall be deemed to have cooperated and participated in the drafting and preparation of this Agreement.

25. Each of the Parties had the opportunity before signing this Agreement to make whatever investigations it deemed necessary and to obtain the advice of legal counsel of its own choosing, and each of the Parties has entered into this Agreement voluntarily.

26. If any provision or term of this Agreement is held to be invalid, illegal, unenforceable or in conflict with the law in any jurisdiction, the validity and legality of the remaining provisions will not be affected or impaired thereby.

27. The Parties agree that they will sign and submit a joint stipulation of dismissal without prejudice pursuant to Fed. R.C.P. 41(a). The Parties understand and agree that the Court will maintain jurisdiction of this action throughout the duration of the Enforcement Period. After the Enforcement Period, the Parties will sign and submit a joint stipulation of dismissal with prejudice.

28. This Agreement may be executed in counterparts, and a facsimile or PDF signature shall be deemed to be, and have the same force and effect as, an original signature.

By: _____
Sara J. Rose
ACLU of Pennsylvania

By: _____
Alexandra Morgan-Kurtz
PA Institutional Law Project

By: _____
Blank Rome LLP
Kevin Eddy
*On behalf of plaintiffs*

By: _____
Marie Milie Jones
JonesPassodelis, PLLC

*On behalf of defendant Fayette County*